UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

KAROLINA KARPOV,
        Plaintiff,

        -against-

VLADIMIR KARPOV and
SVETLANA KARPOV
        Defendants.
------------------------------------------------------------

Civil Action No.
12 Civ. 3649 (PAE)

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT

Bernard Weinreb
Attorney at Law
2 Perlman Drive, Suite 301
Spring Valley, New York 10977

(845) 369-1019

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------
KAROLINA KARPOV,
        Plaintiff,

        -against-

VLADIMIR KARPOV and
SVETLANA KARPOV
        Defendants.
----------------------------------------------------------

Civil Action No.
12 Civ. 3649 (PAE)

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT

### Preliminary Statement

Defendants, Vladmir Karpov and Svetlana Karpov ("Svetlana"), respectfully submit this reply memorandum of law in further support of their motion to dismiss the complaint on the basis of lack of personal jurisdiction and improper venue. See Fed.R.Civ.P. 12(b)(2)-(3).

In our motion papers to dismiss the complaint, we argued that venue in this court is improper because defendants do not have sufficient minimum contacts to have them subjected to the jurisdiction of this Court. Further, under the general venue provisions of 28 U.S.C. §1391, the case cannot be brought in New York since none of the defendants reside in New York and the alleged events giving rise to Plaintiff's claim did not occur in New York.

In this reply memorandum of law, we will address the arguments Plaintiff makes to nevertheless have the case heard in New York.

### 1. Plaintiff has not alleged, and cannot show, that jurisdiction is proper under traditional principles.

As discussed in our motion papers to dismiss the complaint, besides not satisfying the federal venue statute to permit this case to be brought in New York, Defendants do not have minimum contacts with New York to require them to defend themselves in New York, as opposed to in Delaware.

The U.S. Supreme Court cases cited by Plaintiff, Keaton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473 and 79 L.Ed. 790 (1984) and Leroy v. Great Western United Corp., 443 U.S. 173 (1979), instead of supporting Plaintiff's claim justifying bringing the case in New York, instead support Defendants' claim that the case should not be heard in New York.

For example, the Supreme Court in Keaton, ruled that making this determination as to whether a case should be heard in the forum state, the court must focus on the "relationship among the defendant, the forum and the litigation" and that the "contacts between [defendant] and [the forum state] must be such that it is 'fair' to compel the [respondent] to defend a ... lawsuit in [the forum state]." There is simply no such connection between defendants in this case and New York to require them to defend themselves in this Court in New York.

### 2. New York is an Improper Venue under 28 U.S.C. §1391

In addition to dismissing this case on the basis that the Defendants do not have sufficient minimum contacts with New York to subject them to the jurisdiction of this Court, the case should be dismissed on the alternative basis that this Court is the improper under the federal venue statute.

2

Under 28 U.S.C. §1391, an action may be brought in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Id.

Plaintiff, in her opposition papers, does not dispute, nor does she state in her complaint, that any of the alleged sex abuse incidents occurred in New York. Her argument that the case should be heard in New York is based on her speculative claim that defendant Vladimir Karpov brought her into the United States from the Ukraine for the purposes of sexually abusing her. Based on this speculation, it is our understanding that Plaintiff is arguing that clause (3) of 28 U.S.C. §1391 would permit her case to stay in New York because the wrongful Ukrainian adoption could not be brought in any other federal court based on clauses (1) and (2) of this statute.

This argument fails because, even according to her claim that Defendants had an improper motive when they adopted her in the Ukraine, there was no tortious action involved in the Ukrainian adoption since Plaintiff has not shown that the alleged thought to commit a wrong against her can itself be considered a tort. Even if Plaintiff would be able to prove what was in Defendant's mind at the time of the adoption, which she cannot do, Plaintiff did not provide any legal authority for the proposition that improper thoughts during an adoption raises some sort of cause of action.

Were Plaintiff correct that she could bring a tort action based merely on wrongful thoughts, it would open up the door to lawsuits being brought in any district or state a plaintiff may wish to bring a case on the basis of the allegation that the thought to commit the tort took place in such district or state, even though the wrong was committed elsewhere.

Therefore, obviously, this proposition that the alleged wrongful thought to commit a tort can affect a venue issue is incorrect and such though process is irrelevant to the issue of the proper venue. Accordingly, since the alleged tortious action, the alleged sexual abuse, committed against Plaintiff was the alleged sexual abuse, which according to her complaint happened in Delaware, the only appropriate district court or state in which this action can be heard is in Delaware.

Plaintiff wishes to have this case heard in this court on the basis of clause (3) of this federal venue statute. However, this clause of the federal venue statute may be used only "if there is not district in which the action may otherwise be brought." Therefore, in this case, since the action may be brought in Delaware pursuant to clauses (1) and (2) of the statute, since she alleges she was sexually abused in Delaware, it may not be brought in New York on the basis of clause (3).

Finally, Plaintiff has no evidence or other basis for her claim Defendant's action of adopting her in the Ukraine was for the purpose of sexually abusing her. Nor is there any way for Plaintiff to ever prove such allegation relating to Defendant's intent, since Plaintiff does not allege that Defendant ever advised her or anyone else that he adopted Plaintiff in the Ukraine for these purposes. Thus, defendant's motive to adopt her is in his mind.

Other than this conjecture by Plaintiff related to Defendant's motive to adopt her, Defendants have no connection to New York and the alleged wrongdoing which is the basis of this lawsuit has no connection to New York. Thus, Plaintiff should not be permitted to drag Defendants into a New York court based on her baseless conjecture.

Since Plaintiff alleges in her complaint that the actual sexual abuse occurred in Delaware, Delaware would be the proper state in which to hear the case under the venue statute. Thus, this case should be dismissed by this Court.

### CONCLUSION

In sum, we respectfully request that the court dismiss this complaint as it has no personal jurisdiction over the Defendants and that this Court is the improper venue for this action.

Dated: Spring Valley, New York
August 13, 2012

Respectfully submitted,

s/Bernard Weinreb

BERNARD WEINREB
2 Perlman Drive, Suite 301
Spring Valley, New York 10977
(845) 369-1019

To: Ms. Karolina Karpov
305 Mill Street – Apt.2A
Poughkeepsie, NY 12601
Pro Se Plaintiff

5