USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KAROLINA KARPOV,

                Plaintiff,

-v-

VLADIMIR KARPOV and SVETLANA KARPOV,

                Defendants.

------------------------------------------------------------X

12 Civ. 3649 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

In this diversity action, plaintiff Karolina Karpov ("Karpov") brings tort claims against her adoptive parents, Vladimir Karpov ("Vladimir") and Svetlana Karpov ("Svetlana"), claiming that Vladimir sexually abused her beginning when she was age 7, and that Svetlana beat her for complaining of the abuse. Defendants Vladimir and Svetlana move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3), arguing that this Court lacks personal jurisdiction over them, and that venue is improper in the Southern District of New York. For the following reasons, the Court concludes that it lacks personal jurisdiction over defendants, but, rather than dismiss, transfers this case to the United States District Court for the District of Delaware.

I. **Background and Procedural History**[1]

The facts alleged in the Complaint chronicle a shocking and heinous course of child sexual abuse. Karpov is 18 years old and resides in the Southern District of New York. Compl.

---

[1] The Court's account of the underlying facts of this case is drawn from Karpov's complaint (Dkt. 1) and her opposition to the defendants' motion ("Pl.'s Opp.") (Dkt. 20). In the context of a motion to dismiss, the Court assumes the truth of these allegations, and all inferences are drawn in plaintiff's favor.

[1]

¶¶ 6, 7. She alleges that she was adopted from the Ukraine by the Karpovs in 2001, when she was age 7. *Id.* ¶ 38. Soon thereafter, Karpov alleges, Vladimir began to sexually abuse her. *Id.* ¶¶ 45–82. That abuse continued until Karpov reached age 14. *Id.* ¶ 11. During this period, Karpov claims, Svetlana beat her for complaining of the abuse, and because Svetlana was purportedly jealous of Vladimir's preoccupation with their adoptive daughter. *See, e.g., id.* ¶ 88.

As alleged in the Complaint, it appears that this course of abuse occurred entirely in Delaware, where Vladimir is now incarcerated in Delaware State Prison as a result of his abuse of Karpov. *Id.* ¶¶ 23–27; *see also* Affidavit of Svetlana Karpov (Dkt. 13) ¶ 3 ("Karolina Karpov, Plaintiff in this action, made allegations against my husband claiming that he sexually abused Plaintiff while she lived in our home in Delaware during the period 2001 through 2008."); *see also id.* ¶ 4 ("During the period 2001 through 2008, we lived in Delaware. During that time, and since that time until today, we did not live in New York no [sic] did we have a residence in New York nor did we have other connection [sic] with New York."). Karpov, however, subsequently fled to New York. Pl.'s Opp. 2, 3. Upon reaching 18 years of age, she now seeks relief in tort for her ordeal, bringing the following claims: (1) childhood sexual abuse; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) battery; (5) assault; (6) false imprisonment; (7) abduction; (8) seduction; (9) child exploitation; (10) emotional abuse; (11) neglect; (12) abandonment; (13) gender violence; and (14) loss of consortium. *See id.* ¶¶ 122–186. Karpov alleges that she has sustained severe emotional damage as a result of the abuse, including post-traumatic stress disorder. *Id.* ¶¶ 109–121.

On May 4, 2012, Karpov filed her Complaint. Dkt. 2. On July 11, 2012, defendants filed the instant motion to dismiss. Dkt. 12-14. On July 30, 2012, Karpov submitted an opposition. Dkt. 20. On August 12, 2012, defendants filed a reply. Dkt. 17.[2]

Defendants argue that the complaint must be dismissed for two reasons. First, they argue that the Court lacks personal jurisdiction over the defendants because none of the abuse, as alleged, occurred in New York, and the defendants have no contacts with or ties to New York. Second, they argue that, even if the Court has jurisdiction, the proper venue for this case is Delaware, where Vladimir is incarcerated and where Svetlana currently resides.

In opposition, Karpov asserts that Svetlana has travelled to New York for court proceedings in the past, and thus that there would be no inconvenience imposed should this case proceed in New York. Further, Karpov argues, evidence of her damages comes from witnesses—including her therapist—situated in New York. Karpov does not directly address defendants' jurisdictional argument. However, she asks the Court to transfer this case to the federal district court in Delaware if there is a procedural defect that prevents it from proceeding in this district.

## II. Applicable Legal Standard

Defendants challenge the Court's personal jurisdiction over them pursuant to Fed. R. Civ. P. 12(b)(2). "When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (internal quotation marks and citation omitted). In the context of a motion made before discovery, a plaintiff need

---

[2] The docket numbers appear out of order because Karpov's opposition, although dated July 30, 2012 and received on or about that date, was not scanned and docketed by the Court until August 27, 2012. It therefore has a higher docket number than defendants' reply, which was filed later.

[3]

only make "a *prima facie* showing" of personal jurisdiction to defeat a motion under Rule 12(b)(2). *Id.*; *see also Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 196–97 (2d Cir. 1990) (the Court may rely on "information in the complaint as well as supporting documentation" to determine whether plaintiff has made a *prima facie* showing of jurisdiction). In making this determination, the Court must construe all pleadings and affidavits in the light most favorable to the plaintiff. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997).

### III. Discussion

A district court sitting in diversity exercises personal jurisdiction over a defendant to the same extent as courts of general jurisdiction in the forum state, here, New York. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). The personal jurisdiction inquiry proceeds in two steps: "First, [the Court] must determine whether there is personal jurisdiction over [Defendants] under New York state law; second, if New York law provides for personal jurisdiction, the Court must determine whether the assertion of jurisdiction comports with the constitutional requirements of due process." *Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 386 (S.D.N.Y. 2006) (citing *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)).

Turning first to the question of whether there is personal jurisdiction under New York state law, that inquiry is governed by N.Y. C.P.L.R. § 302, New York's so-called "long arm" statute, which provides in pertinent part:

> [A] court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> 1. Transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. Commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. Commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
    (i) Regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
    (ii) Expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. Owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302.

Here, Karpov has not alleged that defendants transact business in New York. Nor has she pled facts that would subject Vladimir or Svetlana to New York's jurisdiction under C.P.L.R. § 302 for tort claims arising out of the alleged sexual and physical abuse, which all occurred in Delaware. And, although Karpov has subsequently moved to New York, there is no indication in the complaint that Vladimir or Svetlana could have anticipated that the ill effects of the abuse would later be felt in New York. Accordingly, Vladimir and Svetlana, answerable although they may be for these alleged terrible acts, are not answerable for them in New York. Because the Court has found that there is no personal jurisdiction over defendants under New York law, the second step of the analysis—relating to due process—need not be addressed.

## IV.   Transfer

Karpov has requested that the Court transfer this case to Delaware in the event defects are found that prevent it from being maintained in this District. *See* Pl.'s Opp. 4. Pursuant to 28 U.S.C. § 1361:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have

been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

It is clear that this action could properly have been brought in Delaware: Venue would be proper, because both defendants are found in that state, *see* 28 U.S.C. § 1391, and there would be complete diversity of citizenship between Karpov, a New York resident and domiciliary, and the defendants, both of whom are Delaware residents and domiciliaries, *see* 28 U.S.C. § 1332.

Moreover, under Second Circuit law, where jurisdiction is lacking, transfer *must* be granted "unless it [is] not in the interest of justice to do so." *Paul v. INS*, 348 F.3d 43, 46 (2d Cir. 2003). Here, the interests of justice overwhelmingly support holding defendants to account if the allegations in Karpov's complaint are true. Accordingly, the Court grants Karpov's request to transfer this case to the United States District Court for the District of Delaware.

Because the Court has concluded that it lacks personal jurisdiction over defendants and that the appropriate course is to transfer this case to federal district court in Delaware, there is no occasion to address defendants' venue argument.

## CONCLUSION

For the foregoing reasons, defendants' motion is granted insofar as it seeks a declaration that this Court lacks personal jurisdiction over defendants. However, the motion is denied insofar as it seeks dismissal of the Complaint. Instead, the Clerk of Court is directed to transfer this case to the United States District Court for the District of Delaware.

The plaintiff in this matter is *pro se*, and the Court is concerned that, on a *pro se* basis, she may not be able to effectively pursue her very troubling allegations in Delaware, where she does not reside. Accordingly, the Court respectfully requests that, after the case is transferred, the relevant personnel within the United States District Court for the District of Delaware consider the appointment of *pro bono* counsel to assist Karpov in this matter.

The Clerk of Court is directed to terminate the motion at docket number 12.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 23, 2012
New York, New York