

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

KAROLINA KARPOV,

          Plaintiff,

    -v-

VLADIMIR KARPOV and SVETLANA
KARPOV,

          Defendants.

---

C.A. No. 12-1411-GMS

OPPOSITION TO MOTION QUASH

RECEIVED
FEB 06 2013
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

TO THE COURT AND DEFENDANTS,

Plaintiff pro se, KAROLINA KARPOV, oppose Emily Karpov's motion to quash for the following reasons stated pursuant to the penalties of perjury of the State of Delaware:

1.    I am the Plaintiff, KAROLINA KARPOV.

2.    I filed suit on May 23, 2012 in New York State against the defendants, my adoptive parents.

3.    I did so because I was the victim of years of childhood sexual rape by Vladimir Karpov while Svetlana covered up his acts and beat me to stay quiet. They would have both been otherwise chargeable under 18 USC Chapter 110 - Sexual Exploitation And Other Abuse Of Children enacted 01/03/2012 and I do not understand why they have not been.

4.    Svetlana asked the New York court to dismiss my complaint but the court instead granted a transfer of this action to your court as I had asked for. The New York Judge on the case issued an order on October 23, 2012.

5.    I received the attached motion at attachment 1 to quash my subpoena signed by the court, addressed to Vladimir and Svetlana Karpov intended to be received by Svetlana Karpov for her to prepare a response.

6.    The motion is frivolous and sanctionable.

7.    First, I served advanced notice of my subpoena. See Attachment 2.

8.    Then, I sent Svetlana's sister-in-law, Nadya Semenchenko, who is Emily's biological aunt, the sister of the perpetrator, to serve Svetlana personally at her home.

9.      Svetlana was not at home according to Nadya so Nadya went to Emily's place of employment and spotted her at the receptionist's podium. What transpired next is stunning. According to the attached affidavit (attachment 3) an original of which is filed under separate cover, Emily behaved as if she was coached by the defendants. She specifically stated she was "not taking" these documents. Emily then put her arms behind her back. She began to stream excuses why she should not be involved in my case against her parents. Emily raised her voice stating Nadya should serve Svetlana personally in Nebraska.

10.     Then, Emily likely sought out Oleg Mervyak's assistance to write up the attached motion to quash. Oleg is the husband of Olga Mervyak (nee Karpov) and attends Widener Law School. My aunt Nadya told me Olga yelled at her over the phone about serving Emily. Olga said Nadya was harassing Emily. Olga also said, "Go f*ck yourselves."

11.     Emily is not a recipient of a non-party subpoena as it is addressed to Svetlana and Vladimir. Service was effected upon Svetlana through the adult daughter Emily in the absence of Svetlana who is said to be in Nebraska running away.

12.     Assuming Emily was the intended non-party recipient of a subpoena, she objects to the subpoena on the grounds that it is an undue burden. There is nothing in the subpoena imposing an undue burden. It is a subpoena for Svetlana and Vladimir to produce documents for their real property and bank accounts during the period I was sexually enslaved. I was the burdened individual, not Emily.

13.     To the contrary, the court has a substantial need to know the defendant's assets in order to compose an appropriate and fitting judgment for me. The fact that there are too many real property deeds in various states does not create an absolute defense to the production of these documents because it is too burdensome to gather them together and submit them. Consistently, the fact that there are too many bank accounts and too many bank statements is no defense to a subpoena on the basis that it is burdensome to produce these for the court.

14.     I was neither compensated for sexual services for Vladimir nor for Svetlana's beatings so the two defendants can pay for copying there papers themselves.

15.     I affirm I mailed by first class mail this application to Defendant Svetlana Karpov and non-party Emily Karpov, 482 W. Chestnut Road, Newark, DE 19713 because I do not know who her lawyer is on this case. I also affirm I mailed a copy to Vladimir Karpov at the James T. Vaughn Correctional Center 1181 Paddock Road Smyrna, Delaware 19977. I mailed an original of this opposition to the Clerk of Court, United States District Court, District of Delaware, 844 North King Street Wilmington, DE 19801.

KAROLINA KARPOV

Dated: February 4, 2013

Attachment:   Attachment 1, Motion to Quash dated January 28, 2013
              Attachment 2, Notice of Subpoena dated January 21, 2013

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

KAROLINA KARPOV )
        Plaintiff, )
                                 )
        -v- )
                                 )
VLADIMIR KARPOV and )
SVETLANA KARPOV, )
        Defendents. )

C.A. No. 12-1411-GMS

MOTION TO QUASH SUBPEONA TO
PRODUCE DOCUMENTS, INFORMATION,
OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A CIVIL
ACTION

---

To: Karolina Karpov
*Plaintiff's Previous Address*
305 Mill ST
APT 2A
Poughkeepsie, NY 12601
(845)559-9010

From: Emily J. Karpov

482 W Chestnut Hill Rd
Newark, DE 19713-1102
(302)409-5620
*Temporary Address, Subject to Change without Notice*

AND

*(Agent Directed to Serve Subpoena)*
Nadya (Karpov) Semenchenko
602 Gray Mount Circle
Elkton, MD 21921
(410)392-2382

I, Emily J. Karpov, am requesting for the above mentioned subpoena to be quashed due to the following reasons:

#1. I AM BEING SUBJECTED TO AN UNDUE BURDEN. I HOLD NO INTEREST IN THIS CASE, AND AM BEING FORCED TO PRODUCE DOCUMENTS THAT I HAVE NO ACCESS TO.

#2. DEFENDANT, SVETLANA KARPOV, HAS MOVED OUT OF STATE AND I HAVE NO TANGIBLE CONNECTION WITH HER AND I DO NOT KNOW HER PLACE OF RESIDENCE. I AM TEMPORARILY LIVING IN DEFENDENTS DELAWARE RESIDENCE WHICH IS BEING SOLD. DEFENDANT VLADIMIR KARPOV IS INCARCERATED AND IS NOT IN POSSESSION OF ANY REQUESTED DOCUMENTS, NOR DOES HE HAVE THE KNOWLEDGE OF WHERE ANY OF THE REQUESTED DOCUMENTS, BY PLAINTIFF, ARE LOCATED.

Attachment #1

(THIS SPACE IS INTENTIONALLY LEFT BLANK)

#3. I NEVER RECEIVED A PRIOR NOTICE THAT I WILL BE SERVED A SUBPOENA, NOT A SINGLE PHONE CALL, TEXT MESSAGE, OR LETTER, WHICH NADYA SEMENCHENKO SHOULD HAVE DONE SINCE I WAS RUDELY DISRUPTED AT WORK AND THEN WAS RELIEVED OF DUTY, WHICH MADE ME INCUR A LOSS OF MONIES, DUE TO THE FACT THAT I WAS PLACED UNDER UNNECCASSARY STRESS AFTER BEING CORNERED BY NADYA SEMENCHENKO. ALSO, DEFENDENTS DECLARE, THROUGH A 3RD PARTY, THAT THEY WERE NOT NOTIFIED THAT THERE IS A SUBPOENA, REQUESTING DOCUMENTS.

> "All parties to the underlying litigation must be provided notice of the subpoena prior to service. Rule 45(b)(1) provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." *See also* Fed. R. Civ. P. 45, 2007 Advisory Committee notes (stressing that notice must be given to the parties before service of the subpoena to provide an opportunity for objection). Further, Rule 30(b)(1) requires that "reasonable written notice" of a deposition be provided to all parties. The notice is a separate document from the subpoena and is provided to the parties only—*not* to the recipient of the subpoena. Among other items, the notice should identify the recipient of the subpoena, time and location for production or deposition, and include a copy of any requests for production."

#4. I AM A VERY POOR COLLEGE STUDENT WORKING MINIMUM HOURS, TO MAKE ENDS MEET, AT A RESTAURANT AS A HOSTESS AND CAN BARELY AFFORD TO MAKE CAR INSURANCE PAYMENTS, PURCHASE FOOD, AND PAY FOR GAS TO AND FROM SCHOOL AND WORK. THERE IS NO WAY I WILL BE ABLE TO PAY FOR TRAVEL EXPENSES REGARDING THIS CASE AS WELL AS PAY FOR AN ATTORNEY SINCE I AM INDEPENDENT AND RECEIVE NO MONIES FROM ANY 3RD PARTY. I ALSO CANNOT ASK TO LEAVE FROM WORK WITH NO COMPENSATION FROM PLAINTIFF SINCE MY SURVIVAL DEPENDS ON MY OCCUPATION.

Rule 45(c)(1) mandates that a party responsible for issuing the subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena;" the issuing court "must enforce this duty" pursuant to Rule 45(a)(3)(A)(iv).

In conclusion, having stated the above mentioned arguments, I would like to respectfully ask the court to relieve me of the duty, wrongfully assigned to me by Nadya (Karpov) Semenchenko in the case, Karpov vs. Karpov, et el.

(THIS SPACE IS INTENTIONALLY LEFT BLANK)

Signed,

*(signature)*

Emily J. Karpov

---

**STATE OF** <u>Delaware</u> )

**COUNTY OF** <u>New Castle</u> )

I, <u>Kevin A. Sadler</u>, a Notary Public, do hereby certify that on this <u>28</u> day of <u>January</u>, 2013, personally appeared before me

Emily J. Karpov,

known to me to be the person whose name is subscribed to the foregoing instrument, and swore and acknowledged to me that she executed the same for the purpose and in the capacity therein expressed, and that the statements contained therein are true and correct.

(SEAL)

*(signature)*

Notary Public, State of Delaware

Kevin A Sadler
Notary Public
State of Delaware
My Commission Expires
03/13/2014

Name, Printed: <u>Kevin A. Sadler</u>

My Commission Expires: <u>3/13/2014</u>

Karolina Karpov
305 Mill Street, Apt 2A
Poughkeepsie, N.Y. 12601
(845) 559-9010

Clerk of Court
U.S. District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3569

January 21, 2013

Re: Karolina Karpov v. Vladimir Karpov and Svetlana Karpov, CA No. 12-1411-GMS

Hon. Clerk of Court,

I am the pro se plaintiff in the case shown above.

This letter is my proof of service of the attached signed subpoenas upon the Defendants for their information.

I forwarded a copy of the two subpoenas by mail to Svetlana Karpov at 482 West Chestnut Hill Road, Newark DE 19713.

I forwarded a copy of the two subpoenas by mail to Vladimir Karpov at the James T. Vaughn Correctional Center 1181 Paddock Road Smyrna, Delaware 19977.

Affidavit of service of the two subpoenas shall be filed once service upon each recipient identified in the subpoena is executed.

Thank you.

*Karolina Karpov*
KAROLINA KARPOV


Enclosures:   Subpoena to State Prosecutor
              Subpoena to Vladimir and Svetlana Karpov


*Attachment 2*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

KAROLINA KARPOV,
              Plaintiff,

              -v-

VLADIMIR KARPOV and SVETLANA KARPOV,
              Defendants.

---

C.A. No. 12-1411-GMS

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:
SVETLANA KARPOV
482 West Chestnut Hill Road
Newark DE 19713

VLADIMIR KARPOV
I.D. No. 0706009021
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

YOU ARE COMMANDED to produce at the Chambers of Hon. GREGORY M SLEET. U.S. District Court, District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Room 4324, Unit 19, Wilmington, DE 19801-3569 on or before February 28, 2013 the following documents, electronically stored information, or objects, and permit their inspection and copying:

1. All bank account statements from the year 1999 to 2007, checking and savings, personal and business under you name, your agent's name or your assign's name.

2. All real property deeds in your name, your agent's name or your assign's name held by you since 1999 to 2007.

The purpose of this subpoena is to determine Plaintiff's share of Defendant's assets acquired during the period of the sexual slavery of the Plaintiff, KAROLINA KARPOV. The provisions of Federal Rule of Civil Procedure 45(c) relating to your production as a person subject to a subpoena and the potential consequences of not doing so are attached.

Date: _____JAN 1 1 2013_____

CLERK OF COURT

/s/ _____
*Signature of Clerk or Deputy Clerk*

The address and telephone number of KAROLINA KARPOV who issued this subpoena is 305 Mill Street, Apt 2A, Poughkeepsie, N.Y. 12601, (845) 559-9010.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

KAROLINA KARPOV,
         Plaintiff,

-v-

VLADIMIR KARPOV and SVETLANA KARPOV,
         Defendants.

C.A. No. 12-1411-GMS

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

---

TO:

Department of Justice, New Castle County
820 North French Street, Wilmington, DE 109801
tel (302) 577-8500, fax (302) 577-2496

State vs. VLADIMIR KARPOV, I.D. No: 0706009021

YOU ARE COMMANDED to produce at the Chambers of Hon. GREGORY M SLEET. U.S. District Court, District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Room 4324, Unit 19, Wilmington, DE 19801-3569 on or before February 28, 2013 the following documents, electronically stored information, or objects, and permit their inspection and copying:

  1.  All records, files, psychological reports and video/audio records of the criminal prosecution of STATE vs. VLADIMIR KARPOV, I.D. No: 0706009021.

<u>The purpose of this subpoena is to produce relevant evidence of the culpability of defendant VLADIMIR KARPOV in the sexual enslavement of the Plaintiff child KAROLINA KAPROV. Additionally, contained within this file are forensic evaluations, forensic notes and video/audio recordings that provide relevant evidence as to Plaintiff's psychological damages at the time of VLADIMIR'S arrest and prosecution.</u>

The provisions of Federal Rule of Civil Procedure 45(c) relating to your production as a person subject to a subpoena and the potential consequences of not doing so are attached.

Date:   JAN 1 1 2013

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The address and telephone number of KAROLINA KARPOV who issued this subpoena is 305 Mill Street, Apt 2A, Poughkeepsie, N.Y. 12601, (845) 559-9010.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# AFFIDAVIT

STATE OF MARYLAND

COUNTY OF CECIL

**BEFORE ME**, the undersigned Notary, _Kristen Wulkewicz_ *[name of Notary before whom affidavit is sworn]*, on this ___28th___ day _of__JANUARY____, 2013____, personally appeared NADIA SEMENCHENKO *[name of affiant]*, known to me to be a credible person and of lawful age, who being by me first duly sworn, on ___her___ *[his or her]* oath, deposes and says:

At approximately 8:42pm at the __SOFFRITO__ restaurant on 1130 Capitol Trail, Newark, Delaware 19711, I served a subpoena by suitable age and discretion service upon the EMILY KARPOV daughter of SVETLANA KARPOV, a person known to me to be the defendant in a federal action brought by KAROLINA KARPOV under Index No. CA-12-1411-GMS, United State District Court, District of Delaware. I observed the following.

EMILY greeted me as she knows I am her biological aunt, the sister of her father, defendant VLADIMIR KARPOV. I handed to her the federal subpoena and Order signed by the Judge on 01-11-2013 and asked her to give it to her mother, SVETLANA KARPOV. She immediately placed her arms behind her back. EMILY said she was not taking these documents. She said that she is a student and working there and should not accept any papers. EMILY raised her voice stating that I should serve SVETLANA KARPOV personally in state of Nebraska where she resides. EMILY then proceeded to offer me SVETLANA KARPOV'S telephone number and asked me to call her myself. I placed the subpoena and Order onto her chest. The subpoena and Order fell on to the floor because she kept her hands behind her back. I turned around having served EMILY and I left the restaurant.

_Nadia Semenchenko_
**NADYA SEMENCHENKO**

_602 Gray Mount Cickle_
*[address of affiant, line 1]*

_Elkton MD 21921_
*[address of affiant, line 2]*

Attachment 3

Subscribed and sworn to before me, this ___28___ [day of month] day of __January__ [month], 20_13_.

[Notary Seal:]

> KRISTEN A. WULKEWICZ
> Notary Public
> Cecil County
> Maryland
> My Commission Expires Aug. 24, 2016

_____
[signature of Notary]

__Kristen A Wulkewicz__
[typed name of Notary]

NOTARY PUBLIC

My commission expires: __Aug 24__, 20_16_.