IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAROLINA KARPOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 12-1411-GMS |
| | ) | |
| VLADIMIR KARPOV, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff, Karolina Karpov ("Karolina"), who resides in Poughkeepsie, New York, appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.)

**I.   BACKGROUND**

Karpov filed this claim against her adoptive parents, the defendants Vladimir Karpov ("Karpov") and Svetlana Karpov ("Svetlana") (together "the Karpovs"), alleging that Vladimir sexually abused her during her tender years and that Svetlana beat her for complaining of the abuse.[1] (D.I. 2.) The complaint, originally filed in the United States District Court for the Southern District of New York ("SDNY"), raises clams of child sexual abuse, intentional infliction of emotional distress, battery, assault, abduction, seduction, child exploitation, and other torts. The SDNY conducted an initial screening of the case and entered a service order. (D.I. 5, 6.) Sveltana acknowledged receipt of summons and complaint on June 20, 2012, and

---

[1] Vladimir was convicted as a result of his abuse of Karolina. He is currently serving a sentence and incarcerated in the Delaware Department of Correction.

mailed the form to the United States Marshal Service. (*See* D.I. 14.) Vladimir was served on June 2, 2012. (*See* D.I. 15)

Thereafter, the Karpovs moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and (3) for lack of personal jurisdiction and improper venue. (*See* D.I. 7, 11, 12, 13, 14.) The SDNY granted the motion to dismiss insofar as it sought a declaration that it lacked personal jurisdiction over defendants, denied the motion insofar as it sought dismissal of the complaint, and directed the Clerk of Court to transfer the case to this court. (*See* D.I. 21.)

Upon transfer, this court referred the case to the federal civil panel in an attempt to refer representation of Karolina and stayed the case. (D.I. 24.) While the case was stayed, Karolina filed two motions for injunctive relief. (D.I. 25, 27.) On January 11, 2013, the court determined that it was no longer appropriate to encourage legal representation for Karolina, lifted the stay, and gave the Karpovs fourteen days to respond to the motions for injunctive relief. (D.I. 30.) In addition, the Karpovs sought, and were granted, additional time to retain counsel. (D. I. 26, 30.) To date, they have not retained counsel and they proceed *pro se*. Nor have the Karpovs answered the complaint. Karolina has filed numerous motions and unilaterally proceeded with discovery. The court, however, has not entered a scheduling order.

## II. MOTIONS FOR INJUNCTIVE RELIEF

On December 5, 2012, Karolina filed a stay of transfer of property, construed by the court as a motion for injunctive relief. (D.I. 25.) Therein, she asks the court to enter an order prohibiting Svetlana from transferring any of her property. Karolina filed a second motion for injunctive relief on January 2, 2013. (D.I. 27.) Karolina indicates that she anticipates judgment in her favor and an award of the Karpovs' property. Karolina states that she has become aware

that real estate owned by the Karpovs is for sale. She asks the court to stay its transfer or, in the alternative, to allow its sale and deposit the sale proceeds into an escrow account to fund her litigation.

Karolina is, in essence, requesting the court grant of a preliminary injunction under Fed. R. Civ. P. 65(a). Karolina does not indicate that she has obtained a judgment against the Karpovs. Rather, she anticipates that she will prevail in this lawsuit given Vladimir's criminal conviction. This court, however, has "no authority to issue a preliminary injunction preventing [the Karpov's] from disposing of [their] assets, pending adjudication of [plaintiff's] . . . claim for money damages." *Grupo Mexicano de Desarrollo, S.A., v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999).

Even if the court did have the authority to issue a preliminary injunction in this case, Karolina's motions would fail. When considering a motion for a temporary restraining order or preliminary injunction, the court determines: (1) the likelihood of success on the merits; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the balancing of the hardships to the respective parties; and (4) the public interest. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted).

Establishing a risk of irreparable harm is not enough. A plaintiff has the burden of making a "clear showing of immediate irreparable injury." *Continental Group, Inc. v. Amoco Chemicals Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (quoting *Ammond v. McGahn*, 532 F.2d 325,

3

329 (3d Cir. 1976)). The "requisite feared injury or harm must be irreparable - not merely serious or substantial." *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977).

Here, Karolina claims a reasonable probability of success given Vladimir's criminal convictions for sex crimes. She claims a threat of irreparable injury because, if Svetlana "shuffles away" her money and real property, Karolina will get nothing of value upon entry of judgment in her favor. With regard to the the balance of equities, she contends that it far less burdensome on the Karpovs than "the nightmare [she] is going through living each day penniless and helpless, begging for handouts and filing applications for public assistance." While not clear, it appears that Karolina believes that public interest rests in favor in supporting her with the Karpovs' assets given that Vladimir is in the custody of the DOC and Svetlana has the ability to reside with her adult children. Svetlana responds that their real property is being sold because they can no longer afford the mortgages. In addition, she indicates that Karolina is a non-working student and that Karolina receives child support payments. (*See* D.I. 34.)

Given Vladimir's criminal prosecution, Karolina has demonstrated a likelihood of success on the merits as to the claims against him. It is not so clear, with regard to her claims against Svetlana. In addition, Karolina has failed to establish that she has or will suffer an immediate "irreparable harm" that would justify issuing a preliminary injunction striping the Karpovs' control of their assets. It seems that Karolina's main intent is to prevent the Karpovs' from transferring assets prior to a decision in this matter.

Having reviewed the record presented, the court finds that it does not have the authority to issue a preliminary injunction preventing the Karpovs from disposing of their assets pending adjudication of Karolina's claim for money damages. Alternatively, the court finds that the

Karolina has not carried her burden of proof as is required. Therefore, the court will deny Karolina's motions for injunctive relief. (D.I. 25, 27.)

## III. MOTIONS TO COMPEL

On December 26, 2012, Karolina served a request for production of documents upon Svetlana as part of the Rule 26 disclosure. (*See* D.I. 28.) On January 24, 2013, Karolina filed a motion to compel and for sanctions. (D.I. 31.) The next day, January 25, 2013, the Karpovs filed their response. (*See* D.I. 34.) It does not appear that the response was served upon Karolina as is required by the Federal Rules of Civil Procedure and this court's Local Rules.[2] *See* D. Del LR 5.2.

The request demanded production of the documents within twenty days of service. The Federal Rules of Civil Procedure, however, do not provide for said time limit. Pursuant to Rule 26(a)(1)(C), a party must make the initial disclosures at or within fourteen days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. It does not appear that the parties held a Rue 26(f) conference. Nor, as is this court's practice, has a scheduling order been entered. For these reasons, therefore, the court will deny the motion to compel. (D.I. 31.)

Karolina filed a second motion to compel on February 14, 2013. (D.I. 43.) Therein, she seeks to compel the Delaware Department of Justice to comply with a subpoena served upon it for the production records related to the criminal conviction of Vladimir. The Delaware

---

[2]All parties appear *pro se* and one defendant is incarcerated. In cases involving *pro se* parties, discovery requests and responses shall be filed with the court. *See* D. Del. LR 5.4.

5

Department of Justice objects to the subpoena on the grounds that it requires disclosure of privileged investigatory and prosecutorial matter and work product. In addition, the Department of Justice notes that the subpoena includes an invalid directive to produce the documents to the chambers of the undersigned.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Here, the documents requested are privileged and, therefore, are not discoverable. Therefore, the motion to compel is denied. (D.I. 43.)

## IV. MOTION TO QUASH

Karolina served a subpoena for the production of documents, pursuant to Fed. R. Civ. P. 45, upon the Karpovs. Karolina mailed the subpoenas to the Karpovs at their respective addresses. (D.I. 32.) On January 28, 2013, Emily J. Karpov ("Emily"), a non-party, filed a motion to quash the subpoena directed to Svetlana. (D.I. 35.)

The subpoena is not directed to Emily and, therefore, she is not required to comply with it. In addition, because it is not directed to her, she has no standing with regard to the subpoena. Therefore, the motion is denied as moot.

Finally, a subpoena is used to obtain discovery from non-parties. Inasmuch as the Karpovs are parties to this action, it was improper to use a subpoena to obtain discovery from them. In the future, Karolina shall abide by the Federal Rules of Civil Procedure, particularly

Rules 33 through 37, when pursuing discovery from the defendants. The Karpovs are not required to respond to the discovery subpoenas.

## V. NO CONTACT ORDER

Emily has filed a motion for a permanent no contact order. (D.I. 36.) She asks that she "never be contacted by" Nadya Semenchenko ("Nadya"), Karolina, Vera Lomtevas ("Vera"), and Peter Lomtevas ("Peter"). Emily indicates that if the motion is not granted, the foregoing persons will find ways to harass her and violate her peace and privacy. According to Karolina, Nadya, Vera and Peter are her aunts and uncle and they are helping her with this litigation.[3]

Emily has provided no evidence to support her motion. She relies solely upon vague allegations. The court will not consider the drastic measure of entering an order to protect a non-party from harassment without proper support. Therefore, the court will deny the motion. Karolina is placed on notice that the court will not countenance harassing or threatening behavior toward any potential witness. Such behavior could lead to the imposition of sanctions.

---

[3] According to the Karpovs, Peter is an attorney who practices in New York. To the extent that Peter is advising Karolina in a "ghost-writer" capacity, both are advised that such a practice is strongly disapproved as unethical and as a deliberate evasion of the responsibilities imposed on attorneys. Ghost-writing frustrates the application of Fed. R. Civ. P. 11 which requires all attorneys to verify through their signatures that there are sufficient grounds for the arguments in their pleadings. *In re Mungo*, 305 B.R. 762, 768 (Bankr. D.S.C. 2003). In addition, to the extent that Karolina's pleadings, if they were drafted by Peter but filed by Karolina as *pro se*, give her the unwarranted advantage of having a liberal pleading standard applied and skews the process to the distinct disadvantage of the nonoffending party. *See Wesley v. Don Stein Buick, Inc.*, 987 F. Supp. 884 (D. Kan. 1997). Peter is warned that, as an attorney, his actions may be unethical and could serve as a basis for sanctions. *See Clarke v. United States*, 955 F.Supp. 593, 598 (E.D. Va. 1997), *rev'd on other grounds*, 162 F.3d 1156 (4th Cir. 1998).

## VI. MOTION FOR COPY

Karolina filed a motion to obtain a copy of the defendants' motion for an extension of time to retain counsel. (D.I. 41.) The motion will be denied without prejudice.

The fee for copywork is fifty cents ($.50) per page. Should Karolina require copywork, she shall send her request to the Clerk of Court. Prepayment should be sent with the request, check or money order payable to Clerk, United States District Court.

## VII. MOTION TO AMEND

Karolina filed a motion to amend the complaint to add defendants and for service.[4] (D.I. 39.) Karolina seeks to add the Karpovs' children (Victoria Kryachkov ("Victoria"), Kristina Multani ("Kristina"), and Emily) as defendants on the basis that Svetlana is distributing her assets to her adult children. Karolina claims those assets as hers "under this lawsuit."

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574

---

[4]The filing was incorrectly docketed as an amended complaint.

8

(E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

The court finds amendment futile. Karolina's clams of child sexual abuse, intentional infliction of emotional distress, battery, assault, abduction, seduction, child exploitation and other torts are directed towards the Karpovs, not their children. There are no allegations that the children had any involvement in the acts to which Karolina was allegedly subjected. Therefore, the court will deny the motion to amend. This case proceeds on the original complaint.

## VIII. ANSWER

The Karpovs have been served. They filed a motion to dismiss that was granted in part, and the case was transferred to this district on October 23, 201. (D.I. 22.) To date, the Karpovs have not answered the complaint. Therefore, the Karpovs will be ordered to file an answer within fourteen (14) days from the date of order. The Karpovs are placed on notice that failure to file an answer may result in entry of default.

## IX. CERTIFICATE OF SERVICE

All parties are admonished to comply with Fed. R. Civ. P. 5(d)(1). Rule 5(d)(1) requires a that a certificate of service be filed with all court filings. In many instances, only one defendant is listed on the certificate of service. In other instances, there is no certificate of service at all.

To date, all parties proceed *pro se*. Their *pro se* status does not mean that they can disregard the Federal Rules of Civil Procedure. The parties are placed on notice that future filings that do not contain an attached separate certificate of service indicating service upon all parties will be docketed, but not considered.

## X. CONCLUSION

For the above stated reasons, the court will deny all pending motions (D.I. 25, 27, 31, 35, 36, 39, 41, 43). The defendants will be ordered to answer the complaint. Finally, the court will enter a scheduling order.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Feb 20, 2013
Wilmington, Delaware