IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| KAROLINA KARPOV, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 12-1411-GMS ) |
| VLADIMIR KARPOV and SVETLANA KARPOV, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Karolina Karpov ("Karolina"), who resides in Poughkeepsie, New York, appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.)

## I. BACKGROUND

Karolina filed this action against her adoptive parents, the defendants Vladimir Karpov ("Vladimir") and Svetlana Karpov ("Svetlana") (together "the Karpovs"), alleging that she was sexually abused by Vladimir during her tender years and that Svetlana beat her for complaining of the abuse. (D.I. 2.) The complaint, originally filed in the United States District Court for the Southern District of New York, raises clams of child sexual abuse, intentional infliction of emotional distress, battery, assault, abduction, seduction, child exploitation, and other torts. A service order was entered following an initial screening of the case. (D.I. 5, 6.) The case was transferred to this District on October 23, 2012. (D.I. 21.) The court has jurisdiction pursuant to 28 U.S.C. § 1332.

1

Karolina was born in Russia and raised by Anna and Slavik Horbata ("the Horbatas") until she was seven. (D.I. 63, exs. C, D.) The Karpovs adopted Karolina, she came to the United States on August 26, 2001, and she resided in Delaware with the Karpovs. (D.I. 45, ex. A.)

The Horbatas arrived in New Jersey in December 2006. (D.I. 63, Exs. C, D.) During a visit with the Horbatas, Karolina told them that she was being touched inappropriately by Vladimir and asked to be removed from the Karpov family. (*Id.*) The Horbatas ultimately obtained guardianship of Karolina. (*Id.*) Vladimir was arrested and charged with fifty counts of rape in the first degree and with continuous sexual abuse of a child. On March 17, 2008, Karpov pled guilty of rape third degree (sexual penetration), 11 Del. C. § 771, and continuous sexual abuse of a child, 11 Del. C. 778. (D.I. 63, ex. H; Superior Court Crim. Docket, *Delaware v. Karpov.*) The remaining counts were *nolle prossed.* (Superior Court Crim. Docket, *Delaware v. Karpov.*) On August 1, 2008, he was sentenced to the Delaware Department of Correction ("DOC") to 12 years at level 5, suspended after serving five years, followed by six months at level 4, followed by two years at level 3 on the rape conviction. With regard to the continuous sexual abuse of a child conviction, he was sentenced to seven years at level 5, suspended after serving two years, followed by level 2, followed by two years at level 3 probation. (*Id.*) Vladimir was ordered to have no contact with Karolina, her family, or her residence and to have no contact with any minor under the age of 18. (*Id.*) According to VINELink, Vladimir is currently serving community supervision until September 2015. *See* www.vinelink.com (Jan. 9, 2015). Karolina has been receiving treatment since February 28, 2012 for post-traumatic stress disorder, chronic with panic attacks. (D.I. 64, ex. G.)

Before the court is a motion to dismiss filed by Svetlana, and a motion to strike and motion for summary judgment filed by Karolina. (D.I. 45, 63, 79.) In his opposition to the

2

motion to strike (D.I. 72), Vladimir seeks dismissal of the complaint on the grounds that there is no evidence that Karolina was raped. Vladimir states that he accepted a plea bargain.[1]

## II. MOTION TO DISMISS

Svetlana moves to dismiss the complaint on the grounds that Karolina "has been dishonest in her motions."[2] (D.I. 45.) Karolina did not file a response to the motion. However, she later filed a motion to strike and a motion for summary judgment.

While not clear, it appears that Svetlana moves for sanctions, pursuant to Fed. R. Civ. P. 11, in the form of dismissal of the action. "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citing *Business Guides v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 546-47 (1991)). Reasonableness in the context of Rule 11, is "an objective knowledge or belief at the time of the filing of the challenged paper that the claim was well-grounded in law and fact." *Id.* Sanctions are appropriate only if "the filing of the complaint constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994).

Under Rule 11(b)(2), a *pro se* litigant is required to conduct a reasonable inquiry into the legal underpinnings of his or her claims before signing a complaint. *See also* 1993 Advisory Committee Note ("[Subdivision b requires] attorneys and *pro se* litigants to conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents,

---

[1] Vladimir's answer to the complaint states that he "took [a] plea bargain to avoid lifetime in prison." (D.I. 60, ¶ 28.)

[2] For example, Svetlana states that: (1) Karolina resided with the Karpovs for five years and six months; not seven years; (2) the case has been fabricated; (3) Karolina's adoptive uncle, who is an attorney, is accountable for all documents that Karolina has submitted for filing; (4) Karolina provided the court with an false address; (5) Karolina claims to be penniless when she is not. The Karpovs pay child support to Karolina pursuant to an order of support effective January 10, 2013, and entered on February 6, 2013, in the Family Court of the State of New York, in and for the County of Dutchess, at Poughkeepsie, New York, said order modifying an order of support made by family court of another county. (*See* D.I. 62, ex. A.).

3

and prescribing sanctions for violation of these obligations. . . . The rule requires litigants to 'stop and think' before initially making legal or factual contentions . . . .") Hence, Karolina's status as a *pro se* litigant does not shield her from Rule 11 sanctions. *See Johnson v. United States*, 607 F. Supp. 347 (E.D. Pa. 1985) (sanctions imposed upon *pro se* plaintiff for failing to make reasonable inquiry before filing petition to quash summons).

It is evident from the record that both sides believe the other has been untruthful in their respective filings with the court. Having reviewed the record, and given the criminal conviction of Vladimir, it cannot be said that in filing this lawsuit and subsequent motions, Karolina has engaged in conduct that warrants dismissal of the case as a Rule 11 sanction. Therefore, the court will deny Svetlana's motion to dismiss. (D.I. 45.)

## III. MOTION TO STRIKE

Karolina moves to strike answers to the complaint filed by the Karpovs on the grounds that she is "shocked at their content" wherein Vladimir denies numerous allegations by making Karoline "out to be a liar" and Svetlana openly states that Karolina is "a liar." (D.I. 63.) The Karpovs oppose the motion.

Upon a motion by either party, the court may strike any redundant, immaterial, impertinent, or scandalous matter from a pleading pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure. The purpose of a Rule 12(f) motion to strike is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted). Motions to strike are not meant to determine disputed and substantial questions of law. *Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993). In proceeding on a motion to strike for relevancy, the movant must show that the allegations being challenged are so unrelated to the

4

plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial. *See River Rd. Dev. Corp. v. Carlson Corp.-Northeast*, 1990 WL 69085, at *7 (E.D. Pa. May 23, 1990) (the movant "must clearly show that the matter sought to be stricken is outside the issues in the case and is prejudicial" on a Rule 12(f)(2) motion). Prejudice occurs when the challenged pleading confuses the issues or is so lengthy and complex that it places an undue burden on the responding party. *See, e.g., Goode v. LexisNexis Risk & Information Analytics Grp., Inc.*, 284 F.R.D. 238, 243 (E.D. Pa. 2012) (citing *River Rd.*, 1990 WL 69085, at *2). Motions to strike are decided on the pleadings alone. *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 132 (E.D. Pa. 2007).

Although courts possess considerable discretion in disposing of a motion to strike under Rule 12(f), *Thornton v. UL Enters.*, 2010 WL 1005021, at *2 (W.D. Pa. Mar. 6, 2010), "striking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." *Dann v. Lincoln Nat'l Corp.*, 274 F.R.D. 139, 142 (E.D. Pa. 2011). In deciding the motion, a court should also consider the liberal pleading standards of Fed. R. Civ. P. 8 and the lack of a developed factual record at such an early stage of litigation. *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 407 (W.D. Pa. 2011) (citations omitted). Accordingly, a court will generally not grant such a motion unless the material to be stricken bears "no possible relationship to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009) (citations omitted).

Karolina moves to strike numerous paragraphs wherein Vladimir and Svetlana deny allegations raised in the complaint. She moves to strike other paragraphs which she believes characterize her as "a liar" and provides affidavits to refute the answers to the complaint. The

5

challenged paragraphs in the answers to the complaint are not so redundant, immaterial, impertinent, or scandalous that they should be stricken from the pleadings. Instead, these paragraphs directly concern Karolina's allegations and the Karpovs' denial of those allegations. Nor are these paragraphs particularly scandalous, such that they "reflect cruelly upon the plaintiff's moral character," are "repulsive," or "detract from the dignity of the court." *Donnelly v. Commonwealth Fin. Sys.*, 2008 WL 762085, at *4 (M.D. Pa. Mar. 20, 2008) (citations omitted). The answers to the complaint go to the heart of the litigation. The Karpovs' answers, in denying the allegations go to their defense of this case and do not place an identifiable undue burden on Karolina.

The court finds that Karolina has failed to show that the Karpovs' answers have no relationship to the litigation at hand and/or are so prejudicial to her that they should be stricken pursuant to Rule 12(f). Therefore, the court will deny the motion to strike. (D.I. 63.)

## IV.   MOTION FOR SUMMARY JUDGMENT

Karolina moves for summary judgment on the grounds that: (1) there is nothing for the court to decide; (2) her complaint explains in detail the acts taken against her; (3) Vladimir was convicted of sex crimes; (4) Vladimir admitted to the criminal charges but denies the civil allegations; and (5) Svetlana acted with Vladimir and knew what he was doing, but did nothing. Karolina asks the court to proceed to damages. Vladimir opposes the motion on the grounds that Karolina has not produced documented medical evidence of any abuse from the time-frame near 2007, and has only produced medical documents from 2012, which do not prove anything.

The court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

In support of her motion, Karolina relies upon her complaint, the Karpovs' answers, two letters from the Delaware Department of Justice that refer to the arrest and sentencing of Vladimir, and a newspaper article that discusses the extradition of Vladimir from California to Delaware. Karolina seems to contend that Vladimir's criminal conviction and the doctrine of collateral estoppel prohibit the Karpovs from denying that Vladimir sexually abused Karolina. Collateral estoppel applies only if: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Anderson v. C.I.R.*, 698 F.3d 160, 164 (3d Cir. 2012) (quoting *In re Graham*, 973 F.2d 1089,

7

1097 (3d Cir. 1992)). The burden rests with the plaintiff to demonstrate that it would be clearly fair and efficient to collaterally estop a defendant from re-litigating findings in a criminal matter in a subsequent litigation. *See S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 306 (2d Cir. 1999). While collateral estoppel precludes Vladimir from challenging the fact of his criminal conviction, *Murrey v. Shank*, 2011 WL 1415023, at *1 (Del. Super. Apr. 13, 2011), it is not conclusive proof of the underlying facts. *See e.g., Philadelphia Indemn. In. Co. v. Healy*, 156 F. App'x 471, 478 (3d Cir. 2005) (unpublished).

The record reflects that Vladimir pled guilty to criminal charges. The court does not have before it any documents related to the underlying criminal conviction such as the transcript of the March 17, 2008 guilty plea hearing or the August 1, 2008 sentencing hearing. The foregoing transcripts would be extremely helpful to the court in determining the facts of this case.[3] Because the hearing transcripts were not provided, it is unknown to the court if the facts underlying the charges were actually litigated or if Vladimir entered into a nolo contendere plea. Under these circumstances, the court is unwilling to allow Vladimir's criminal conviction to dispose of the instant case under the guise of undisputed facts. *See e.g., Benjamin F. Shaw Co. v. Short*, 1989 WL 89521, (Del. Super. 1989) (Nolo contendere plea cannot be considered actual litigation. A plea of nolo contendere by definition obviates actual adjudication and is not an admission.).

Finally, the paucity of record provided by Karolina is insufficient to grant the motion for summary judgment with regard to the claims she raises against Svetlana.

---

[3] The court is aware that transcription charge by court reporters in the Superior Court of the State of Delaware is $3.00 per page. The court may reconsider its ruling should the parties provide additional evidence in a timely manner.

8

There remain genuine issues of material fact. Therefore, the court will deny Karolina's motion for summary judgment. (D.I. 79.)

## V. CONCLUSION

For the above reasons, the court will deny the pending motions. (D.I. 45, 63, 70.) A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Jan 15, 2015
Wilmington, Delaware